## Case No. 5,377.

### The G. H. MONTAGUE.

### [4 Blatchf. 461.] 1

Circuit Court, S. D. New York. Oct. 3, 1860.

ADMIRALTY — SEIZURE BY STATE OFFICER UNDER STATE STATUTE — APPEARANCE BY AGENT OF OWNER—PUBLIC SALE OF PROPERTY.

1. The provisions of a state statute which authorizes a justice of the peace to issue process to seize a vessel used in navigating the waters of the state, to enforce a claim for damages, must be fully complied with, so far as they require the filing of a verified complaint setting forth the plaintiff's demand in all its particulars, such provisions being jurisdictional facts.

2. Where those provisions are not complied with, the justice acquires no jurisdiction to issue process to seize the vessel, and no title will be acquired to the vessel by a purchaser who buys her on a sale in the proceeding.

3. An appearance by an agent of the owner, and a defence of the suit by him, will not give to the justice jurisdiction over the vessel.

4. A power of attorney authorizing a public sale of property, will not authorize a private sale of it.

1 [Reported by Hon. Samuel Blatchford. District Judge, and here reprinted by permission.]

[Appeal from the district court of the United States for the Southern district of New York.]

This was a libel in rem, filed in the district court, by persons claiming to own the schooner G. H. Montague, to recover possession of her. The district court dismissed the libel [case unreported], and the libellants appealed to this court.

Erastus C. Benedict and Edwin W. Stoughton, for libellants.

Welcome R. Beebe, for claimant.

NELSON, Circuit Justice. It is not denied that the libellants were the original owners of the vessel, and that the claimant is a bona fide purchaser for value. The question in the case is, whether or not Atwater, who sold and conveyed her to the claimant, had, at the time of the conveyance, obtained the title of the libellants. I agree, that if Atwater possessed the title at the time, though he obtained it through fraud and covin, the claimant, being a bona fide purchaser, is to be protected. And, hence, the libellants are bound to show that they have not parted with the title, or, in other words, that Atwater had not acquired it. It is quite clear, that if the question was simply between the libellants and Atwater, or between Mix and them, Atwater having derived the possession from Mix, there could be no great difficulty in disposing of it, as Mix took possession professedly for the benefit of the libellants, and the proofs show that Atwater is chargeable with notice of the circumstances, and acted in the sale to the claimant in collusion with Mix.

The question of title depends upon two grounds: (1) A sale of the vessel at San Francisco, California, under judgments and executions obtained against her before a justice of the peace; and (2) a sale under a power of attorney executed by the libellants with others.

(1) As to the sale under the judgments and executions. By an act of the state of California, power is conferred on justices of the peace to issue process to seize boats or vessels used in navigating the waters of the state, for, among other things, damages arising from the non-performance of contracts touching the transportation of persons or property. Sections 3 and 12 provide, substantially, that a plaintiff wishing to institute a suit against the vessel, shall file with the justice his complaint against her by name. Section 4 provides, that the complaint shall set forth the plaintiff's demand in all its particulars, and shall be verified by the affidavit of the plaintiff or some other credible person. The weight of the proof in the case is, that these provisions were not fully complied with; and, as they are jurisdictional facts, it is claimed that the justice acquired no jurisdiction over the vessel. I have before me the testimony of the justice, and copies of his

docket. The latter makes no allusion to the complaint, and the evidence of the justice is not explicit, or very full upon the point, especially in respect to the verification of the complaints, for some twenty suits or more were instituted. An attorney for the plaintiff, whose partner instituted the proceedings before the justice, and who, on the return day of the warrants, appeared himself, to conduct the cases, has been examined for the libellants. His testimony is very explicit and full, that the steps required to give jurisdiction to the justice, were not complied with; and, so satisfied was he that the court had acquired no jurisdiction over the vessel, that he withdrew from the cases, to avoid responsibility as a trespasser. He looked into the complaints for the express purpose of ascertaining if the proceedings had been in conformity with the injunctions of the statute.

The jurisdiction conferred is limited and special, and summary and severe in its execution, and parties seeking the benefit of it should be held to a strict compliance with all the preliminary steps enjoined by the statute, before seizure of the property. Not only is this the general principle applicable to courts of inferior jurisdiction, but it should be especially enforced in cases where the seizure and summary disposition of property follows.

It is said that the general agent of the owners, who was present, appeared and made some defence to the suits. But it is a sufficient answer to say, that this could not confer jurisdiction upon the justice over the vessel. That depended upon the statute, and a compliance with its provisions. If the case had been a proceeding in personam, the appearance might have waived any irregularity in the service of the process, or objection to jurisdiction over the person. I am of opinion, therefore, that Mix took no title under the purchase.

(2) Then, as to title under the power of attorney. This power referred to articles of association which these libellants and others had entered into, in which the former had brought in the vessel as stock, at the price of $12,000, and in which it was agreed that, at the termination of the articles, the vessel should be sold for the benefit of the association, at public auction. The power in question was made and executed to carry into effect this provision in the articles; and it is a sale in execution of the power thus given, and for the purpose stated, that the claimant sets up as vesting Mix, and under him Atwater, with the title. The sale under the power was made to Mix without any consideration. I do not, however, place any weight upon this latter fact. The simple question is, whether the power was executed within its terms? I think not. The articles of association referred to in the power, and with notice of which Mix and all persons claiming under him are chargeable, are explicit that the sale was to be a public sale

for the benefit of the association, and the power directed it should be made in conformity with the requirement of the articles and not contrary to them. Instead of there being a public sale, Mix went from San Francisco in pursuit of the two persons who held the power, and who were mining in the mountains of California, and persuaded them, by false representations, to sign a bill of sale without any consideration. The sale was a private one, when the power only authorized a public one. I am, therefore, of opinion that no title passed under the power.

There are other questions in the case, such as, whether the act of California conferred or intended to confer jurisdiction over vessels not exclusively engaged in navigating the internal waters of the state, and whether the sheriff or constable, and not the marshal of the city of San Francisco, was the proper officer to execute the processes issued under the statute. But I do not deem it important to notice them, as I am satisfied that the grounds upon which I have placed the case must control the decision. The decree below must be reversed, and a decree be entered that the libellants recover possession of the vessel.